IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANOS FARKAS, COLONY M5 TRUST, COLONY L8 TRUST, and COLONY J8 TRUST, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO. 1:10-cv-00512 ) |
| SUNTRUST MORTGAGE, INC., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS SUNTRUST MORTGAGE, INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.'S NOTICE OF REMOVAL

**COMES NOW** Defendants SunTrust Mortgage, Inc. ("SunTrust") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and, all defenses under the federal laws of bankruptcy, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., hereby give notice of removal of this action from the Circuit Court of Baldwin County, Alabama, to the United States District

1861207 v1

Court for the Southern District of Alabama, Southern Division.  In support thereof, Defendants would respectfully show the court:

## I. <u>INTRODUCTION</u>

1. Plaintiff Janos Farkas (hereinafter "Plaintiff" or "Farkas"), along with the Colony M5 Trust, the Colony L8 Trust, and the Colony J8 Trust (hereinafter, the "Trusts") commenced this action by filing his "Declaratory Judgment for Verification of Debt" on August 5, 2010, in the Circuit Court of Baldwin County, Alabama, Case No. CV 10-901443.  The Circuit Court of Baldwin County, Alabama, is a state court within this judicial district and division.

2. In his action seeking a declaratory judgment, Plaintiff asserts various claims based on SunTrust's role as a lender in two real estate transactions entered into by Plaintiff and seeks a judgment ordering: "a) Releases [of] all claims against Plaintiff in relations [sic] to this case due to lack of proof of claim and standing" and that "b) No further action can be taken against Plaintiff, including but not limited to foreclosure sale, Trustee sale, Quiet Title Action or collections."  (*See* Declaratory Judgment for Verification of Debt at p. 15, a true and correct copy of which is attached hereto as Exhibit "A").

3. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of

the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4.  Accordingly, this matter is properly removable under 28 U.S.C. § 1441(a) and (b) as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331 and 1332(a).

## II. FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

5.  This case is properly removable pursuant to 28 U.S.C. § 1331, which provides that this court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff asserts claims against SunTrust for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (*See* Declaratory Judgment for Verification of Debt, p. 11, attached hereto within Exhibit "A"). Actions brought in state court under federal statutes such as the FDCPA are removable to federal court. *See* 28 U.S.C. § 1441(b) (providing that civil actions that are founded on claims or rights arising under federal laws "shall be removable without regard to the citizenship or residence of the parties"); *Hawthorne v. Mac Adjustment*, 140 F.3d 1367, 1369

(11th Cir. 1998) (acknowledging removal of FDCPA action to federal court was proper). Plaintiff has asserted a claim arising under the FDCPA and, therefore, this court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1441(b).

### III. DIVERSITY JURISDICTION EXISTS OVER THIS ACTION.

6.   In addition to federal question jurisdiction over Plaintiff's claims, this court also has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

**A.   The Parties are Diverse.**

7.   First, the parties are diverse. Plaintiff, upon information and belief, is a citizen resident of Texas. (*See* Declaratory Judgment for Verification of Debt). Also upon information and belief, Plaintiff is the designated trustee of the Trusts, and thus, the citizenship of the Trusts is the State of Texas. SunTrust is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in the State of Virginia. Consequently, for diversity jurisdiction purposes, Defendant is not a citizen of the State of Texas. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1185-1186 (2010) (quoting 28 U.S.C. § 1332(c)(1)) ("a

corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Likewise, Mortgage Electronic Registration Systems, Inc. ("MERS") is a foreign corporation organized and existing under the laws of the State of Delaware. Its principal place of business is located in the State of Virginia. As a result, under § 1332(c)(1) and *Hertz*, MERS is also not a citizen of Texas. The parties, therefore, are completely diverse as required by 28 U.S.C. § 1332.

### B. The Amount in Controversy Exceeds $75,000.00.

8. The amount in controversy requirement is satisfied in this case because the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff's complaint involves mortgage loans on two properties. SunTrust is the mortgagee on each mortgage loan. The first property, parcel 61-08-28-3-001-002.000-902-A, was assessed by the Baldwin County Revenue Commissioner to have a value of $60,200.00. (*See* Property Appraisal, attached hereto as Exhibit "B"). The second property, parcel 61-08-28-3-001-002.000-996, was assessed by the Baldwin County Revenue Commissioner to have a value of $61,000.00. (*See* Property Appraisal, attached hereto as Exhibit "C").

9. Plaintiff has also called into question the validity of the original promissory notes executed by him, praying that the court deem the notes "settled in

full" and asking the court to order the return of all amounts paid by Plaintiff to SunTrust.  As such, the amount in controversy is far above the $75,000.00 threshold.  Parcel 61-08-28-3-001-002.000-902-A secured a loan of $166,500.00.  (*See* Adjustable Rate Note, attached hereto as Exhibit "D").  Parcel 61-08-28-3-001-002.000-996 also secured a separate loan for $166,500.  (*See* Adjustable Rate Note, attached hereto as Exhibit "E").

10. The minimum amount in controversy is well above the $75,000.00 requirement for diversity jurisdiction and, thus, 28 U.S.C. § 1332 is satisfied.

## IV. ADOPTION AND RESERVATION OF DEFENSES

11. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of SunTrust's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Alabama law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.  Defendants also reserve the right to demand arbitration pursuant to its contractual agreements with the Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

## IV. PROCEDURAL REQUIREMENTS

12. All defendants consent to removal of this action to the United States District Court for the Southern District of Alabama, Southern Division.

13. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

14. Federal jurisdiction exists under 28 U.S.C. § 1331 because this civil action arises under "the Constitution, laws, or treaties of the United States."

15. Federal jurisdiction also exists under 28 U.S.C. § 1332, as this civil action is between citizens of different states, and the amount in controversy exceeds $75,000.00.

16. True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendants to date in this case.

17. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

18. Defendants have heretofore sought no similar relief.

19. The United States District Court for the Southern District of Alabama, Southern Division, is the District and Division embracing the place where this action is pending in state court.

20.     Defendants reserve the right to supplement their Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

21.     Contemporaneously with the filing of this Notice of Removal, Defendants have filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Circuit Court of Baldwin County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

WHEREFORE, Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Baldwin County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted this the 15th day of September, 2010:

/s/Reid S. Manley
Reid S. Manley (MAN039)
Zachary D. Miller (MIL135)
Attorneys for Defendants
SUNTRUST MORTGAGE, INC. AND
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone:  (205) 251-3000
Facsimile:   (204) 458-5110
rmanley@burr.com
zmiller@burr.com

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 15th day of September, 2010:

> Janos Farkas, Colony M5 Trust,
> Colony L8 Trust, and Colony J8
> Trust
> 9600 Escarpment Boulevard
> # 745-43
> Austin, TX   78749

                                          /s/Reid S. Manley
                                          OF COUNSEL