

## ORIGINAL

AVSO350

ALABAMA JUDICIAL DATA CENTER
BALDWIN          COUNTY

SUMMONS

CV 2010 901443.00

IN THE   CIRCUIT COURT OF   BALDWIN      COUNTY

JANOS FARKAS ET AL VS SUNTRUST MORTGAGE INC ET AL

SERVE ON: (D001)

SSN: 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                          PLAINTIFF'S ATTORNEY

SUNTRUST MORTGAGE INC                     *** PRO SE ***
1001 SEMMENS AVENUE
                                          **JANOS FARKAS**
RICHMOND      ,VA  23224-0000             **9600 ESCARPMENT BLVD**
                                          **#745-43**
TO THE ABOVE NAMED DEFENDANT:             **AUSTIN, TX. 78749**

 THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

 THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

( )   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
      4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
      YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
      COMPLAINT IN THIS ACTION UPON DEFENDANT.

      THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
      WRITTEN REQUEST OF            PURSUANT TO RULE 4.1(C)
      OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 08/05/2010                  CLERK: JODY WISE CAMPBELL (CV)
                                  312 COURTHOUSE SQUARE
                                  SUT---
                                  BAY    7010 0290 0000 4338 0579
                                  (25

RETURN ON SERVICE:

( )   CERTIFIED MAIL RETURN RECEIPT IN THIS OFFIC
      (RETURN RECEIPT HERETO ATTACHED)

( )   I CERTIFY THAT I PERSONALLY DELIVERED A CO

      COMPLAINT TO _____

      IN _____ COUNTY, ALABAM

DATE _____      SERVER SI

SERVER ADDRESS                     TYPE OF

OPERATOR: SUW
PREPARED: 08/05/2010

SUNTRUST MORTGAGE INC
1001 SEMMENS AVENUE
RICHMOND, VA. 23224

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $

PS Form 3800, August 2006          See Reverse for Instructions

Postmark
Here

EXHIBIT

**A**

# ☐ ORIGINAL

AVSO350

ALABAMA JUDICIAL DATA CENTER
BALDWIN      COUNTY

SUMMONS

CV 2010 901443.00

IN THE   CIRCUIT COURT OF   BALDWIN      COUNTY

JANOS FARKAS ET AL VS SUNTRUST MORTGAGE INC ET AL
PLAINTIFF

SERVE ON: (D002)

SSN: 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

MORTGAGE ELECTRONIC REGISTRATI
208 SOUTH LASALLE ST
SUITE 814
CHICAGO      ,IL  60604-0000

**JANOS FARKAS**
**9600 ESCARPMENT BLVD**
**#745-43**
**AUSTIN, TX. 78749**

TO THE ABOVE NAMED DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

( )   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR 4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE: YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS ACTION UPON DEFENDANT.

(X)   THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF                    PURSUANT TO RULE 4.1(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 08/05/2010                    CLERK: JODY WISE CAMPBELL (CV)
                                           312 COURTHOUSE SQUARE
                                           SUITE 10
                                           BAY MINETTE

                                    (2)   7010 0290 0000 4338 0586

RETURN ON SERVICE:

( )   CERTIFIED MAIL RETURN RECEIPT IN THIS OFFIC
      (RETURN RECEIPT HERETO ATTACHED)

( )   I CERTIFY THAT I PERSONALLY DELIVERED A COP

COMPLAINT TO _____

IN _____ COUNTY, ALABAM

DATE _____  SERVER SI

SERVER ADDRESS                        TYPE OF P

OPERATOR: SUW
PREPARED: 08/05/2010

PS Form 3800, August 2006        See Reverse for Instructions

Sent To
or PO Box
Street, Apt.
City, State

Total Fee

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postage  $

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INC
208 SOUTH LASALLE ST.
SUITE 814
CHICAGO, IL 60604

Postmark
Here

OFFICIAL USE

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

**State of Alabama**
**Unified Judicial System**

Form ARCiv-93   Rev.6/99

## COVER SHEET
## CIRCUIT COURT – CIVIL CASE
(Not For Domestic Relations Cases)

Case Number: C V 2 0 1 0 9 0 1 4 4 3 - ☐

Date of Filing: 0 8 / 0 4 / 2 0 1 0   (Month Day Year)   Judge Code:

### GENERAL INFORMATION

**IN THE CIRCUIT COURT OF** _____ Baldwin _____, **ALABAMA**
(Name of County)

Janos Farkas, Colony M5, Colony L8 Trust   v.   Suntrust Mortgae Inc.; MERS

**Plaintiff** — **First Plaintiff**: ☐ Business ☑ Individual ☐ Government ☑ Other

**Defendant** — **First Defendant**: ☑ Business ☐ Individual ☐ Government ☑ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☑ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

*CIRCUIT COURT BALDWIN COUNTY, AL FILED AUG 05 2010 JODY W. CAMPBELL CIRCUIT CLERK*

**ORIGIN** (check one): F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER: _____
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** _____   08/04/2010   Date   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

1,
2
3
4   Date:
5

IN THE CIRCUIT COURT OF THE ALABAMA JUDICIAL CIRCUIT
IN AND FOR BALDWIN COUNTY, STATE OF ALABAMA
CIVIL DIVISION

| | |
|---|---|
| JANOS FARKAS<br>Colony M5 and Colony L8 Trust<br>9600 Escarpment Blvd. #745-43<br>AUSTIN, TX78749,<br><br>Plaintiff,<br>vs.<br><br>SUNTRUST MORTGAGE, INC.<br>(Notice to Agents is Notice to Principles<br>Notice to Principles is Notice to Agents)<br>1001 Semmens Ave.<br>Richmond, Virginia 23224<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.<br>(Notice to Agents is Notice to Principles<br>Notice to Principles is Notice to Agents)<br>208 South LaSalle Street, Suite 814<br>Chicago, Illinois 60604<br><br>Defendants. | CASE NO.:  CV10-901443<br><br>VERIFIED<br><br>PETITION FOR DECLARATORY<br>JUDGEMENT FOR<br>VERIFICATION OF DEBT<br><br><br><br>JURY TRIAL REQUESTED |

6
7

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED
AUG 05 2010
JODY W. CAMPBELL
CIRCUIT CLERK

1    **DECLARATORY JUDGEMENT FOR VERIFICATION OF DEBT**

2

3

4    Reference

5    Loan Numbers: 00206349862 and 00206349839

6    MIN NUMBERS: 100001040206349B624 and 100010402063498392

7    Property Address:    M5 6194 State Highway 59, Gulf Shores, AL 36542

8                                            and

9                        6194 State Highway 59 Unit L-8, Gulf Shores, AL 36542

10

11   **Introduction**

12

13        In a non-judicial State, the normal law governing the proper conduct of a foreclosure

14   is covered under the Alabama Civil Rules of Procedures.  However, in this case, the point

15   at issue is over the promissory note (a negotiable instrument) and the right of enforcement

16   of such by the Defendant.  Therefore, this controversy must be governed under the

17   Alabama Uniform Commercial Code.

18

19        Declaratory Judgment is sought by the Plaintiff to compel the Defendant to provide

20   proof of claim before they are allowed to enforce the note.  The Defendant currently insists

21   on enforcing the note but pointedly refuse to provide valid proof of claim besides a

22   photocopy of the note made years ago.

23

24        A Promissory Note, like a check is a one of a kind negotiable instrument.  One can

25   not take a photocopy of a check to a bank to cash it.  It is for this reason that the original

1   wet ink signature promissory note is a critical piece of material evidence to establish

2   whether or not the Defendant is the Holder in Due Course (as governed under the

3   Alabama Uniform Commercial Code, and if not, who is.

4

5       The point at issue of this controversy is the right of enforcement of the Promissory

6   Note by the Defendant.

7

8
9   **I. Jurisdiction and Venue**

10      Property is in Baldwin County and therefore falls under this Honorable Court's

11   jurisdiction.

12

13      The Venue is IN THE CIRCUIT COURT OF THE ALABAMA JUDICIAL CIRCUIT

14   IN AND FOR BALDWIN COUNTY, STATE OF ALABAMA is proper under 8 U.S.C. § 1391

15   (b) and (c ) and 15 U.S.C. § 53(b).

16

17

18   **II. JUDICIAL NOTICE**

19   Plaintiff moves this Honorable Court to take the following Mandatory Judicial Notice

20   1) Under the Federal Rules of Civil Procedure Rule 201 (d) of the following:

21        a. The United States Supreme Court, in *Haines v Kerner* 404 U.S. 519

22        (1972), said that all litigants defending themselves must be afforded the

23        opportunity to present their evidence and that the Court should look to the

24        substance of the complaint rather than the form.

25        b. In *Platsky v CIA*, 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals

1           allowed

2           that the District Court should have explained to the litigant proceeding

3           without a lawyer, the correct form to the plaintiff so that he could have

4           amended his pleadings accordingly.  Plaintiff respectfully reserves the right to

5           amend this complaint.

6       2) Under the Federal Rules of Evidence:

7       In Omychund v Barker (1745) 1 Atk, 21, 49; 26 ER 15, 33, Lord Harwicke stated

8       that no evidence was admissible unless it was "the best that the nature of the case

9       will allow".

10          a) Rule 1002. Requirement of Original

11          To prove the content of a writing, recording, or photograph, the original

12          writing, recording, or photograph is required, except as otherwise

13          provided in these rules or by Act of Congress.

14

15          b) Rule 1003. Admissibility of Duplicates

16          A duplicate is admissible to the same extent as an original unless (1) a

17          genuine question is raised as to the authenticity of the original or (2) in

18          the circumstances it would be unfair to admit the duplicate in lieu of the

19          original.

20

21      In presenting evidence regarding the promissory note, a photocopy is

22      considered a forgery for this purpose as its authenticity is at issue and it is

23      unfair to the admit the duplicate in lieu of the original.  The original contains

1   material evidence pertaining to who the current holder in due course that the

2   duplicate (made years ago) does not.

3

4

## III. The Parties

6       1. The Plaintiffs are Janos Farkas, Colony M5 and Colony L8 Trust the borrower of

7   this purported loan and owner of the subject property.

8

9       2. The Defendant, Suntrust Mortgage, Inc. (hereinafter referred to as SunTrust), is

10  the alleged lender of this purported loan with adverse interest in the controversy.

11

12      3. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
13  208 South LaSalle Street, Suite 814 Chicago, Illinois 60604 (hereinafter referred as
14  MERS)
15

16

## IV. Request for Jury Trial

18  A Jury Trial is requested for this case.

19

20

## IIV. Statement of Facts

22      The Defendant is a "Bank" and markets itself as an institution which "lends money"

23  to would be borrowers.

24

25      The Plaintiff did agree to sign a promissory note and Mortgage with the Defendant

26  in exchange for a purported loan from them on July 31, 2007

1

2       The Defendant purports that Plaintiff owes them money through an alleged loan

3   done under a Promissory note and Deed of Trust, secured by real estate owned by the

4   Plaintiff as collateral.

5

6       The Plaintiff has evidence that there have been fraudulent claims made at the time

7   of the acquisition of these properties which includes inflated appraisals ordered by

8   SunTrust Mortgage, Inc. during the origination of the loan. Plaintiff notified SunTrust

9   Mortgage Inc. on September 22nd 2009 and provided forensic appraisal report, showing

10  approximately $50,000 discrepancy in forensic and SunTrust ordered appraisal values.

11  Plaintiff requested a standstill agreement to work out the debt owned, which was denied.

12

13      Plaintiff made SunTrust aware about a lawsuit filed at Baldwin County Court,

14  Alabama on the 8th of May, 2008 Case # 05-CV-2008-900509.00 against the seller on the

15  subject properties. SunTrust Mortgage Inc. was not named as defendant on this case.

16

17      Plaintiff has made attempt for loan workout with SunTrust Mortgage, Inc. however it

18  did not result in a financially feasible solution.

19

20      Plaintiff disputed debt with the attorney office of Johnson & Freedman (1587 N.E.

21  Expressway, Atlanta, GA 30329 on June 26th, 2010. The Defendant only provided a

22  photocopy of the Deed of Trust and Promissory Note made years ago. This photocopy is

23  insufficient proof as it does not answer the question of who the current holder in due

24  course and who has the power to enforce the instrument. This photocopy is considered a

1   forgery for this intent and purpose. Also the received documents did not address

2   satisfactorily the base of the debt dispute, discrepancy shown by the appraisals.

3

4        Plaintiff requested additional supporting documents on debt validation through

5   Qualified Written Request on July 29th, 2010. No additional documents had been received

6   today to verify the disputed debt.

7

8        Plaintiff tried to sell properties as short sales.  Had cash buyers for full amount of

9   Fair Market Value specified by SunTrust. Offer was denied.

10

11       Defendant is attempting to foreclosure on the property on the 5th of August 2010

12   against the requested the Plaintiff to halt the sale with the evidences described above.

13

14       With the widespread practice of "mortgage backed securities" trading and the

15   pooling of mortgages, it is uncertain who is actually the note holder in due course of the

16   Plaintiff's promissory notes and Mortgages.

17

18       Furthermore, it is pattern and practice of banking institutions to sell and/or assign

19   loans, therefore it is uncertain who is actually the current [emphasis] note holder in due

20   course and who is entitled to enforce the promissory note.

21

22       Therefore, it is reasonable for the Plaintiff to verify whether or not the Defendant

23   has a valid claim, and the lawful right of enforcement to collect money on the alleged loan.

24   Therefore, the Plaintiff wishes to verify that the Defendant has proof of claim and standing.

25

## VI. CAUSE OF ACTION

The point at issue is **whether or not the Defendant have valid proof of claim and therefore Standing to enforce the instrument**. Under U.C.C. - ARTICLE 3 -§3-301, it is necessary for the Defendant to establish proof of claim in order to have the authority to enforce the negotiable instrument.   Plaintiff hereby petitions this Honorable Court to render a Declaratory Judgment as to whether or not the Defendant has valid claim on the purported loan as referenced in this case.

### Elements of a Declaratory Judgment

1. There is a *bona fide*, actual, present, practical need for the declaration sought. *HERE*, the Defendant wishes to foreclose and/or collect on a debt but have refused to provide any proof of claim.   *THEREFORE*, a declaration is sought from this court to determine whether the Defendant has claim on the promissory note.

2. The declaration deals with present, ascertained or ascertainable state of facts or present controversy as to a state of facts. Anticipated future controversies will not support the action.   *HERE*, the Defendant is presently collecting or foreclosing on the subject property.   *THEREFORE*, the declaration is required to resolve a clear and present controversy.

3. Some right, power, privilege, or immunity of the complaining party is dependent on the facts or the law applicable to the facts. *HERE*, the Plaintiff has the right to demand presentment of the original instrument under U.C.C. - ARTICLE 3 -§3-501 (b) 2 (1).  It is uncertain who is the Holder in Due Course or whether the Defendant have any rights of enforcement. *THEREFORE*, the Plaintiff motions this court to compel the Defendant to

1    provide valid proof of claim.

2

3    4. Some person has or may have an actual, present, adverse, and antagonistic

4    interest in the subject matter, either in fact or law. *HERE*, the Defendant claims to have the

5    right of Holder in Due Course and seeks to enforce the negotiable instrument. As it is the

6    pattern and practice of the Defendant to sell/assign notes that comes into their possession,

7    the Plaintiff has the right to know who is the real party of interest in this subject matter

8    *THEREFORE*, the declaration is required to clarify each party's position in this

9    controversy.

10

11    5. The adverse and antagonistic interest is before the court by proper process or

12    class representation. *HERE*, there is genuine adverse interest. The Defendant wishes to

13    collect on the debt or foreclose on the subject property but has refused to provide valid

14    proof of claims as defined under Uniform Commercial Code. THUS, intervention of the

15    court is sought to clarify the Defendant's position and the rights of the Plaintiff.

16

17    6. The relief sought is not merely the giving of legal advice by the court or an answer

18    to questions founded merely in curiosity. *HERE*, an absolute declaration is petitioned

19    before this court to adjudicate the rights of each party involved in this controversy. The

20    Defendant has refused to show cause of claim but insists on bullying their way on the

21    issue of enforcement. THUS, a declaration is needed to compel the Defendant to either

22    provide proof of claim or release their claim over the Plaintiff.

23

24    *In conclusion*, having fulfilled all the elements of the declaratory judgment, this court

25    has subject matter jurisdiction to declare the rights of each party in this clear and present

1   controversy involving the promissory note, who the real parties of interest are and who has

2   standing to enforce the negotiable instrument.

3

4

5        Under the Fair Debt Collections Act (USC *TITLE 15 > CHAPTER 41 >*

6   *SUBCHAPTER V > § 1692g*), this Debt is hereby disputed. The Plaintiff has the right to

7   know whether or not the Defendant has the right of enforcement on the debt/promissory

8   note. Until this matter is resolved, all collections activities must cease.

9

10       While it is true that the burden of proof rests upon the Plaintiff, in this case, the

11   Plaintiff has done everything in the Plaintiff's power to obtain the critical evidence to

12   resolve this matter through a private administrative process. Material evidence critical to

13   this controversy is the **original wet ink promissory note** containing the "allonge" which

14   documents the official chain of title of the note assignment.     The rule of evidence

15   governing a negotiable instrument is covered under the Uniform Commercial Code. If in

16   fact, the Defendant is the Holder in Due Course, the Defendant will have no problem

17   producing this vital piece of evidence. If the Defendant can not or refuse to provide this

18   evidence, then they admit and acknowledge they do not have the right of enforcement.

19

1    **VIII. Claims**

2

3    **1) The Defendant have no Standing to Enforce the Negotiable Instrument**

4         Defendant has not provided sufficient for proof of claim, the Defendant has failed to

5    provide valid proof.

6

7         The Defendant failed to stipulate clearly who the Holder in Due Course is (and

8    whether or not they are in fact the Holder in Due Course).

9

10        The Defendant failed to provide proof that they have the authority to act on behalf of

11   the *boni fide* Holder in Due Course.

12

13        Under U.C.C. - ARTICLE 3 -§3-301, the authority to enforce the promissory note

14   comes directly from the Holder in Due Course. At issue is who the Holder is and whether

15   the Defendant has the authority of or from the Holder.

16

17        Under U.C.C. - ARTICLE 3 -§3-501 (b) 2 (1) the original wet ink signature

18   promissory note is the only allowable evidence as proof of claim. The original promissory

19   note is **critical material evidence** [emphasis] to support the Defendant's proof of claim as

20   it contains the only valid and legally binding chain of title of assignment on the negotiable

21   instrument and identifies who the last legal Holder in Due Course. A photocopy of the

22   instrument made years ago is insufficient proof of claim and is rejected by the Plaintiff[1] as

23   it does not provide any evidence as to who the *current* [emphasis] Holder in Due Course

24   is.

---

[1] *Indymac Bank v. Boyd*, 880 N.Y.S.2d 224 (2009).

1

2      Under U.C.C. - ARTICLE 3 -§3-308, the signature in an instrument denied by the

3      Party under whom enforcement is required is not admissible.  The burden of proof must be

4      bore by the Party seeking enforcement (the Defendant).   Therefore, for the purpose of this

5      controversy, all photocopies of the promissory note is considered a forgery as the

6      signature on any photocopy supplied by the Defendant can not be verified, and its

7      authenticity is disputed.

8

9      If Defendant can not show they are a Note Holder in Due Course nor establish

10     lawful authority from the true Note Holder in Due Course, then they have no Standing to

11     have the right of enforcement.[2], [3], [4], [5]

12

13

14

---

[2] Massachusetts In re Schwartz, 366 B.R.265 (Bankr. D. Mass. 2007)

[3] Nosek v. Ameriquest Mortgage Company (In re Nosek), 286 Br. 374 (Bankr D Mass. 2008).

[4] 521 F.Supp. 2d (S.D. Ohio 2007).

[5] Illinois U.S. Bank, N.A. v. Cook, 2009 WL 35286 (N.D. Ill. January 6, 2009).

1  **VII. PRESUMPTIONS OF LAW REBUTTED**

2

3  **1) The Defendant Has a Legitimate Loan Contract**

4       It is the presumption that the Defendant has a valid and enforceable contract in this

5  controversy.

6

7       The Plaintiff hereby motions the court to take judicial notice that the Plaintiff is

8  rebutting this presumption.  This contract is at issue in this controversy.

9

10  **2) The Defendant is the Holder is Due Course and has the Right of Enforcement**

11       It is the presumption that the Defendant is the Holder in Due Course and has the

12  right of enforcement.

13

14       The Plaintiff hereby motions the court to take judicial notice that the Plaintiff is

15  rebutting this presumption.  This point is at issue in this controversy.

16

17  **3) The Defendant has the original wet ink signature promissory note.**

18       It is the presumption that the Defendant has the wet ink original signature

19  promissory note and is therefore the Holder in Due Course.

20

21       The Plaintiff hereby motions the court to take judicial notice that the Plaintiff is

22  rebutting this presumption.  This point is at issue in this controversy.

23

24

25

1   **IX. CONCLUSION**

2        Before the issue of the alleged debt can be resolved, the Defendant must first
3   provide proof that they are in fact entitled to enforce the security instrument.   Debtor is
4   entitled to demand proof of ownership of the Note and/or written authority from a boni fide
5   holder in due course from the Defendant.

6

7        In order to establish whether the Defendant has Standing in the controversy, the
8   Defendant must provide proof that they are a real party of interest.  If the Defendant can
9   not provide proof that they are entitled to enforce the security instrument, they do not have
10  subject matter jurisdiction.   The Defendant must stipulate whether or not they practice
11  GAAP whereby Defendant suffered true financial loss as a result of the alleged loan
12  through debiting their own account while crediting the Plaintiff's account.

13

14

15  **X.  PRAYER FOR RELIEF**

16

17       WHEREFORE, Plaintiff respectfully moves this Honorable Court that should the
18  Defendant fail to produce proof of claim point for point, that this Honorable Court enters a
19  judgment ordering the following remedies:

20

21       a) Releases all claims against Plaintiff in relations to this case due to lack of proof of
22          claim and standing.
23       b) No further action can be taken against Plaintiff, including but not limited to
24          foreclosure sale, Trustee sale, Quiet Title Action or collections.

1    c) Removes all derogatory reporting with the credit bureaus in relations to this case

2        and reporting this account as "Settled in Full".

3    d) Mark this Note as "Settled in Full" for the Defendant's own record as well as all

4        public records including but not limited to; all credit bureaus and county records.

5    e) Return all monies collected on this transaction to date with the same interest as the

6        original promissory note, calculated from the date of the loan, paid in one lump sum.

7    f) Issue a full reconveyance on the Deed of Trust.

8    g) Any and all other remedies appropriate and necessary deemed by this Honorable

9        Court.

10

11  Respectfully submitted: This 4th day of August, 2010.

12

13

14                               Janos Farkas,
15                               9600 Escarpment Blvd. #745-43
16                               Austin, TX78749
17

18

19

1  PLEASE SERVE THE SUMMONS AND COMPLAINT TO DEFENDANTS BY
2  CERTIFIED MAIL AS FOLLOWS:
3
4  <u>SUNTRUST MORTGAGE, INC.</u>
5  1001 Semmens Ave.
6  Richmond, Virginia 23224
7
8  <u>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.</u>
9  208 South LaSalle Street, Suite 814 Chicago, Illinois 60604
10
11 <u>Johnson & Freedman, LLC</u>
12 1587 N.E. Expressway, Atlanta, GA 30329
13

1
2
3
4

**IN THE CIRCUIT COURT OF THE ALABAMA JUDICIAL CIRCUIT**
**IN AND FOR BALDWIN COUNTY, STATE OF ALABAMA**
**CIVIL DIVISION**

<u>JANOS FARKAS</u>
<u>Colony M5 and Colony L8 Trust</u>
<u>9600 Escarpment Blvd. #745-43</u>
<u>AUSTIN, TX78749,</u>
                    Plaintiff,

vs.
<u>SUNTRUST MORTGAGE, INC.</u>
<u>(Notice to Agents is Notice to Principles</u>
Notice to Principles is Notice to Agents)
1001 Semmens Ave.
Richmond, Virginia 23224
<u>MORTGAGE ELECTRONIC</u>
<u>REGISTRATION SYSTEMS, INC.</u>
<u>(Notice to Agents is Notice to Principles</u>
Notice to Principles is Notice to Agents)
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604
                    Defendant.

CASE NO.: C V 10- 9 01 4 4 3

**PLAINTIFF'S MOTION TO ORDER A**
**TEMPORARY RESTRAINING ORDER**

*CIRCUIT COURT*
*BALDWIN COUNTY, AL*
*FILED*
*AUG 03 2010*
*JODY W. CAMPBELL*
*CIRCUIT CLERK*

5
6

7      **PLAINTIFF'S MOTION TO ORDER A TEMPORARY RESTRAINING ORDER**

8

9      Plaintiff requests that the Court issue a Temporary Restraining Order stopping and/or

10      preventing the foreclosure of Petitioner's properties located at:

11

12      6194 State Highway 59 Unit M-5, Gulf Shores, AL 36542

13                             and

14      6194 State Highway 59 Unit L-8, Gulf Shores, AL 36542

*BALDWIN CIRCUIT COURT*
*COUNTY, AL*
*FILED*
*AUG 05 2010*
*JODY W. CAMPBELL*
*CIRCUIT CLERK*

15

16      The Defendant has issued a Notice of Trustee Sale and intends to sell the property at a

17      public auction on August 5th or on August 12th, 2010.  The sale will proceed unless a

18      Temporary Restraining Order is granted to resolve the controversy in this civil action.

19

20      This matter arises out of Defendant's actions seeking to foreclose on Plaintiff's

21      home/property.   Plaintiff is alleging wrongful foreclosure in that Defendant does not

22      have standing to foreclose.   Plaintiff has requested documents and material from

23      Defendant for proof of claim and standing to foreclose.  Defendant has not supplied

24      Plaintiff with this proof.

25

26      Plaintiff has filed a civil lawsuit against the Defendants, which serves a supporting

27      evidence of the TRO as evidence.

28

29      There is a likelihood of success on the merits of Plaintiff's case.  Plaintiff's rights are

30      clear and unambiguous.  Defendant's failure/refusal to provide proof of a claim, proof

31      that they are a lawful Holder in Due Course, proof that they are a Real Party of Interest,

32      and proof that they have lawful standing to foreclose in the face of legitimate requests

33      for this **proof is tacit agreement that they do not have a valid claim, nor standing**

34      **to foreclose.**

35

36      Denial of TRO will result in irreparable harm, to wit, the depravation of Plaintiff's legally

37      protected property and all the trauma that goes with it, including damage to Plaintiff's

38      relationships, reputation within the community, and credit rating.

39

40    Granting the TRO will not result in even greater harm to the nonmoving party.   If
41    Defendant can prove a valid claim, prove they are a Real Party of Interest, prove they
42    are a lawful Holder in Due Course, and prove they have lawful standing to foreclose,
43    then they are still able to foreclose.

44

45        Wherefore, Plaintiff's motion having satisfied the requisite elements, Plaintiff
46    Motions this Court grant a TRO based on evidence presented before this Honorable
47    Court.

48

49    Respectfully submitted: This 4th day of August, 2010.

50

51
52
53
54        Janos Farkas,
55        9609 Escarpment Blvd. #745-43
56        Austin, TX78749
57
58
59
60
61
62
63
64
65
66
67
68
69
70

## ORDER FOR TEMPORARY RESTRAINING ORDER CU10-901443

Based on the Motion for a TEMPORARY RESTRAINING ORDER, and it appearing to the Court that there is a controversy regarding the security instrument. There is an immediate threat to Plaintiff's legally protected property and that Defendant's actions will cause irreparable harm thereto, and that granting the Temporary Restraining Order will not result in any greater harm to the nonmoving party,

IT IS HEREBY ORDERED that Plaintiff's Motion for a Temporary Restraining Order stopping the foreclosure of his properties located at:

6194 State Highway 59 Unit M-5, Gulf Shores, AL 36542

and

6194 State Highway 59 Unit L-8, Gulf Shores, AL 36542

GRANTED _____

DENIED _____

Dated this _____ day of _____, 2010.

_____
Circuit Court Judge

| STATE OF ALABAMA<br>Unified Judicial System<br><br>☑District Court  ☐Circuit Court | Revised 3/5/08 | Case No.<br><br>$CV10-901443$ |
|---|---|---|

| Style of case:<br><br>v. | CIVIL MOTION COVER SHEET<br><br>Name of Filing Party: |
|---|---|

| Name, Address, and Telephone No. of Attorney or Party (If Not Represented).<br>Janos Farkas<br>9800 Escarpment Blvd. #745-43<br>Austin, TX 78749<br><br>Attorney Bar No.: | ☐Oral Arguments Requested<br><br>*BALDWIN COUNTY AL*<br>*CIRCUIT COURT*<br>*FILED*<br>*AUG 03 2010*<br>*JODY W. CAMPBELL*<br>*CIRCUIT CLERK* |
|---|---|

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐Default Judgment ($50.00) | ☐Add Party |
| ☐Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐Amend<br>☐Change of Venue/Transfer<br>☐Compel<br>☐Consolidation |
| ☐Judgment on the Pleadings ($50.00) | ☐Continue<br>☐Deposition |
| ☐Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐Designate a Mediator<br>☐Judgment as a Matter of Law (during Trial) |
| ☐Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐Disburse Funds<br>☐Extension of Time |
| ☐Summary Judgment pursuant to Rule 56($50.00) | ☐In Limine<br>☐Joinder |
| ☐Motion to Intervene ($297.00) | ☐More Definite Statement<br>☐Motion to Dismiss pursuant to Rule 12(b) |
| ☐Other _____ | ☐New Trial<br>☐Objection of Exemptions Claimed |
| pursuant to Rule _____ ($50.00) | ☐Pendente Lite<br>☐Plaintiff's Motion to Dismiss |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐Preliminary Injunction<br>☐Protective Order |
| | ☐Quash<br>☐Release from Stay of Execution |
| ☐Local Court Costs $ _____ | ☐Sanctions<br>☐Sever |
| | ☐Special Practice in Alabama<br>☐Stay |
| | ☐Strike<br>☐Supplement to Pending Motion |
| | ☐Vacate or Modify<br>☐Withdraw |
| Hearing Date: | ☑Other Temporary Restraining Order _____<br>pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br><br>08/04/2010 | Signature of Attorney or Party:<br><br>*[signature]* |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
8/11/2010 2:58 PM
CV-2010-901443.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

FARKAS JANOS,                           )
COLONY M5,                              )
COLONY L8 TRUST,                        )
Plaintiffs,                             )
                                        )
V.                                      ) Case No.:  CV-2010-901443.00
                                        )
SUNTRUST MORTGAGE INC,                  )
MORTGAGE ELECTRONIC                     )
REGISTRATION SYSTEMS INC,               )
Defendants.                             )

### ORDER SCHEDULING

This Order is in effect in this case:

1.   SERVICE:  Plaintiff shall perfect service on all Defendants
not later than thirty (30) days after filing the Complaint; except, however, where service by
publication may be necessary, in which case service shall be perfected not later than sixty (60)
days after filing the Complaint.

2. DISCOVERY: All discovery shall be completed on or before 56 days prior to trial date.

3. MEDIATION: The Court recommends and encourages mediation.  If either party desires
mediation, a request should be made to the Court in writing.

4. PRE-TRIAL STATEMENT: The parties shall file a joint pretrial statement with the Court on
or before twenty-eight (28) days prior to a date set for trial which shall provide the following
information:

(a)    The names, addresses and telephone numbers of all witnesses who will testify at
       trial;
(b)    A list of all exhibits to be offered at trial;
(c)    A statement of readiness for trial at the scheduled time and if applicable why the
       case will not be ready for trial;
(d)    On motion of either party the Court will schedule a pretrial conference.

5.    This case is set for trial on FEBRUARY 22, 2011. Docket
call will be held THURSDAY, FEBRUARY 17, 2011 at 8:30 a.m. in Courtroom #1, Baldwin
County Courthouse, Bay Minette, Alabama. (This will be a two week jury term.

6.    Any request for deviation from this Order must be in
writing by motion properly presented to the Court and must provide the position of the opposing
party.

DONE this 11th day of August, 2010.

/s JAMES H. REID

CIRCUIT JUDGE

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )   C. Date of Delivery

SOUTHSIDE STA

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

AUG 16 2010

RICHMOND, VA 23224

1. Article Addressed to:

**SUNTRUST MORTGAGE INC**
**1001 SEMMENS AVENUE**
**RICHMOND, VA. 23224**

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merc
   ☐ Insured Mail   ☐ C.O.D.

CV10-901443 Doo1

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

   7010 0290 0000 4338 0579

PS Form 3811, February 2004        Domestic Return Receipt

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

CIRCUIT COURT, AL
BALDWIN COUNTY, AL
FILED

AUG 19 2010

JODY W. CAMPBELL,
CIRCUIT CLERK

Circuit Clerk
312 Courthouse Square, Suite 10
Bay Minette, AL 36507

ELECTRONICALLY FILED
8/17/2010 5:43 PM
CV-2010-901443.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

IN THE CIRCUIT COURT OF THE ALABAMA JUDICI.
IN AND FOR BALDWIN COUNTY, STATE OF AL.
CIVIL DIVISION

Date:  08/17/2010

| | |
|---|---|
| <u>JANOS FARKAS</u><br><u>Colony M5 Trust, Colony L8 Trust and</u><br><u>Colony J8 Trust</u><br><u>9600 Escarpment Blvd. #745-43</u><br><u>AUSTIN, TX78749,</u><br><br>        Plaintiff,<br>vs.<br><br><u>SUNTRUST MORTGAGE, INC.</u><br>(Notice to Agents is Notice to Principles<br>Notice to Principles is Notice to Agents)<br>1001 Semmens Ave.<br>Richmond, Virginia 23224<br><u>MORTGAGE ELECTRONIC</u><br><u>REGISTRATION SYSTEMS, INC.</u><br>(Notice to Agents is Notice to Principles<br>Notice to Principles is Notice to Agents)<br>208 South LaSalle Street, Suite 814<br>Chicago, Illinois 60604<br><br>        Defendants. | CASE NO.:  05-CV-2010-901443<br><br><br><br>AMENDED COMPLAINT |

## AMENDED COMPLAINT

Plaintiff requests to add Plaintiff Colony J8 Trust to the case in reference to:

Loan Numbers: 00206347619

MIN NUMBERS: 1000010402063476190

Property Address:  6194 State Highway 59 Unit J-8, Gulf Shores, AL 36542

Respectfully submitted: This 17th day of August, 2010.

Janos Farkas,
9600 Escarpment Blvd. #745-43
Austin, TX78749

PLEASE SERVE THE SUMMONS AND COMPLAINT TO DEFENDANTS BY
CERTIFIED MAIL AS FOLLOWS:

SUNTRUST MORTGAGE, INC.
1001 Semmens Ave.
Richmond, Virginia 23224

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
208 South LaSalle Street, Suite 814 Chicago, Illinois 60604

Johnson & Freedman, LLC
1587 N.E. Expressway, Atlanta, GA 30329

IN THE CIRCUIT COURT OF THE ALABAMA JUDICIAL CIRCUIT
IN AND FOR BALDWIN COUNTY, STATE OF ALABAMA
CIVIL DIVISION

| | |
|---|---|
| <u>JANOS FARKAS</u><br><u>Colony J8 Trust</u><br><u>9600 Escarpment Blvd. #745-43</u><br><u>AUSTIN, TX78749,</u><br>          Plaintiff,<br><br>vs.<br><u>SUNTRUST MORTGAGE, INC.</u><br>(Notice to Agents is Notice to Principles<br>Notice to Principles is Notice to Agents)<br>1001 Semmens Ave.<br>Richmond, Virginia 23224<br><u>MORTGAGE ELECTRONIC</u><br><u>REGISTRATION SYSTEMS, INC.</u><br>(Notice to Agents is Notice to Principles<br>Notice to Principles is Notice to Agents)<br>208 South LaSalle Street, Suite 814<br>Chicago, Illinois 60604<br>          Defendant. | CASE NO.: 05-CV-2010-901443.00<br><br>PLAINTIFF'S MOTION TO ORDER A<br>TEMPORARY RESTRAINING ORDER |

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED

AUG 17 2010

JODY W. CAMPBELL
CIRCUIT CLERK

## PLAINTIFF'S MOTION TO ORDER A TEMPORARY RESTRAINING ORDER

Plaintiff requests that the Court issue a Temporary Restraining Order stopping and/or preventing the foreclosure of Petitioner's properties located at:

6194 State Highway 59 Unit J8, Gulf Shores, AL 36542

The Defendant has issued a Notice of Trustee Sale and intends to sell the property at a public auction on August 19th, 2010.  The sale will proceed unless a Temporary Restraining Order is granted to resolve the controversy in this civil action.

This matter arises out of Defendant's actions seeking to foreclose on Plaintiff's home/property.  Plaintiff is alleging wrongful foreclosure in that Defendant does not have standing to foreclose.  Plaintiff has requested documents and material from Defendant for proof of claim and standing to foreclose.  Defendant has not supplied Plaintiff with this proof.

Plaintiff has filed a civil lawsuit against the Defendants, which serves a supporting evidence of the TRO as evidence.

There is a likelihood of success on the merits of Plaintiff's case.  Plaintiff's rights are clear and unambiguous.  Defendant's failure/refusal to provide proof of a claim, proof that they are a lawful Holder in Due Course, proof that they are a Real Party of Interest, and proof that they have lawful standing to foreclose in the face of legitimate requests for this **proof is tacit agreement that they do not have a valid claim, nor standing to foreclose**.

Denial of TRO will result in irreparable harm, to wit, the depravation of Plaintiff's legally protected property and all the trauma that goes with it, including damage to Plaintiff's relationships, reputation within the community, and credit rating.

Granting the TRO will not result in even greater harm to the nonmoving party.  If Defendant can prove a valid claim, prove they are a Real Party of Interest, prove they

are a lawful Holder in Due Course, and prove they have lawful standing to foreclose, then they are still able to foreclose.

Wherefore, Plaintiff's motion having satisfied the requisite elements, Plaintiff Motions this Court grant a TRO based on evidence presented before this Honorable Court.

Respectfully submitted: This 17th day of August, 2010.

Janos Farkas,
9600 Escarpment Blvd. #745-43
Austin, TX78749

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INC
208 SOUTH LASALLE ST.
SUITE 814
CHICAGO, IL 60604

CV10-901443 DOO2

2. Article Number
   *(Transfer from service label)*

   7010 0290 0000 4338 0586

PS Form 3811, February 2004          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

RECEIVED

☐ Agent
☐ Addressee

B. Received by ( Printed Name )      C. Date of Delivery

AUG 1 8 2010

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

   CT SOP DEPT

USPO

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes