IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JANOS FARKAS, COLONY M5 TRUST, :
COLONY L8 TRUST, and COLONY J8 :
TRUST, :
 :
    Plaintiffs, :
 :
vs. : CIVIL ACTION 10-0512-CG-M
 :
SUNTRUST MORTGAGE, INC., and :
MORTGAGE ELECTRONIC :
REGISTRATIONS SYSTEMS, INC., :
 :
    Defendants. :

REPORT AND RECOMMENDATION

    The Motion to Remand filed by Plaintiffs (Doc. 11) and the Motion to Dismiss filed by Defendants (Doc. 13) have been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Federal question jurisdiction and diversity jurisdiction have been invoked in this Court under 28 U.S.C. §§ 1331, 1332.  After consideration, it is recommended that Plaintiffs' Motion to Remand (Doc. 11) be denied and that Defendants' Motion to Dismiss be granted (Doc. 13).

    The facts are, briefly, as follows.  On July 31, 2007, Plaintiff Janos Farkas signed two adjustable rate loans, each for the principal amount of $166,500.00, for properties purchased in Gulf Shores, Alabama; the lender was Defendant SunTrust Mortgage, Inc. (hereinafter *SunTrust*) (Doc. 1, Exhibits

1

D, E).  On August 5, 2010, Farkas filed a declaratory action, along with Plaintiffs Colony M5 Trust and Colony L8 Trust in the Baldwin County Circuit Court seeking verification of the debt; more specifically, Farkas challenges Defendants'[1] standing to enforce the agreement (Doc. 1 Complaint).  An amended complaint, filed  on August 17, 2010, added Plaintiff Colony J8 as a party (Doc. 1, pp. 40-42).

On September 15, 2010, Defendants removed this action to this Court, asserting both federal question jurisdiction under 28 U.S.C. § 1331, pursuant to claims made under the Fair Debt Collection Practices Act [sic], and diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 1).  Plaintiffs subsequently filed a Motion to Remand (Doc. 11); Defendants responded to the Motion (Doc. 16) to which Plaintiffs have replied (Doc. 19).  With the Court's permission, Defendants filed a Surreply (Doc. 22).  Defendants have also filed a Motion to Dismiss (Doc. 13); Plaintiffs have filed a Response (Doc. 17) to which Defendants have Replied (Doc. 18).

The Court will first address Plaintiffs' Motion to Remand (Doc. 11).  In its removal petition, Defendants allege that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that

---

[1] The Court notes that Mortgage Electronic Registration Systems, Inc. (hereinafter *MERS*) is a named Defendant, though there are no

2

this action is removable pursuant to 28 U.S.C. § 1446 (Doc. 1).
In a removal action, the party asserting jurisdiction has the
burden of establishing proof of it by a preponderance of the
evidence. *McNutt v. General Motors Acceptance Corp. of Indiana,
Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*,
483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna
Steel Corp. v. Lowery*, 553 U.S. 1080 (2008). In a removal
action, that burden is upon the defendant. *Wilson v. Republic
Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory
remedy which must be narrowly construed so as to limit federal
jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100
(1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala.
1986).

The Court notes that any civil action over which the
district court would have original jurisdiction may be removed
by the defendant to the district court for the district in which
the action is pending. 28 U.S.C. § 1441(a). The district court
has jurisdiction over actions between citizens of different
states so long as all plaintiffs are diverse from all
defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the
amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

There is no apparent dispute that the parties are diverse.

---

apparent assertions made against it

Defendants have asserted that Plaintiff is a citizen resident of Texas and that as the designated trustee of the three Trusts, their citizenship is also in Texas (Doc. 1, ¶ 7). Defendants also assert that SunTrust is incorporated under the laws of Georgia with its principal place of business in Virginia while MERS is incorporated under the laws of Delaware with its principal place of business also in Virginia (Doc. 1, ¶ 7). Plaintiff has not disputed any of these assertions. What is disputed is whether the matter in controversy exceeds $75,000. Plaintiffs argue that the jurisdictional requirement of $75,000 has not been proven by Defendants (Doc. 11).

Plaintiffs' Complaint specifies no particular amount of damages sought (*see* Doc. 1, Complaint). To provide evidence of the amount of the value of this action, Defendants have produced copies of the two contracts which Plaintiff entered into, each for $166,500.00 (Doc. 1, Exhibits D, E). Defendants have also proffered tax assessments from the Baldwin County Revenue Commissioner indicating that the value of one property is $60,200.00 while the value of the other property is $61,000.00 (Doc. 1, Exhibits B, C). The Court also notes that, in the Complaint, Plaintiffs specifically seek the following relief:

> (d) Mark this Note as "Settled in Full" for the Defendants' own record as well as

Defendants have asserted that Plaintiff is a citizen resident of Texas and that as the designated trustee of the three Trusts, their citizenship is also in Texas (Doc. 1, ¶ 7). Defendants also assert that SunTrust is incorporated under the laws of Georgia with its principal place of business in Virginia while MERS is incorporated under the laws of Delaware with its principal place of business also in Virginia (Doc. 1, ¶ 7). Plaintiff has not disputed any of these assertions. What is disputed is whether the matter in controversy exceeds $75,000. Plaintiffs argue that the jurisdictional requirement of $75,000 has not been proven by Defendants (Doc. 11).

Plaintiffs' Complaint specifies no particular amount of damages sought (*see* Doc. 1, Complaint). To provide evidence of the amount of the value of this action, Defendants have produced copies of the two contracts which Plaintiff entered into, each for $166,500.00 (Doc. 1, Exhibits D, E). Defendants have also proffered tax assessments from the Baldwin County Revenue Commissioner indicating that the value of one property is $60,200.00 while the value of the other property is $61,000.00 (Doc. 1, Exhibits B, C). The Court also notes that, in the Complaint, Plaintiffs specifically seek the following relief:

> (d) Mark this Note as "Settled in Full"
> for the Defendants' own record as well as

>                   all public records including but not limited
>                   to:  all credit bureaus and county records.
>                       (e) Return all monies collected on this
>                   transaction to date with the same interest
>                   as the original promissory note, calculated
>                   from the date of the loan, paid in one lump
>                   sum.
>                       (f) Issue a full reconveyance on the
>                   Deed of Trust.

(Doc. 1, Complaint, § X. Prayer for Relief).  The Court's reading of Farkas's prayer of relief indicates that he seeks to have full title to both properties given to him with all monies paid to be returned.  The combination of these requests amount to, at a minimum, the jurisdictional requirement of $75,000.  Therefore, the Court finds that Defendants have satisfactorily met their burden of establishing proof of the requirements for diversity jurisdiction under *Strawbridge*.

The Court also notes that Defendants have asserted removal on the basis of federal question jurisdiction.[2]  In the complaint, Plaintiffs specifically state the following:  "Under the Fair Debt Collections Act (U.S.C. Title 15 > Chapter 41 > Subchapter V > § 1692g), this Debt is hereby disputed" (Doc. 1, Complaint, § VI. Cause of Action).  In spite of Plaintiff's characterization of this as a vague reference (Doc. 11, p. 3),

---

[2]Though Defendants indicate, in their response, that Plaintiffs have withdrawn their federal claim (Doc. 16, p. 3), the Court has not reached that same conclusion (*see* Doc. 19, pp. 2-3 and Doc. 22, p. 2).

the Court is instructed, when examining an action to determine if removal has been proper, to look at the pleadings at the time the removal was made. *See In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980)[3] ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed."). Plaintiff's claim under the Fair Debt Collections Practices Act brings this action within the jurisdiction of this Court.

In summary,[4] the Court finds that Defendants have established proof of jurisdiction—both federal question under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332—by a preponderance of the evidence under *McNutt*. Therefore, it is recommended that Plaintiffs' Motion to Remand (Doc. 11) be denied.

The Court will now take up Defendants' Motion to Dismiss (Doc. 13). The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's

---

[3] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981).

[4] The Court is mindful of Plaintiffs' arguments, made for the first time in their Reply Brief (Doc. 19, pp. 7-11), but declines to entertain them as they come too late. *See Fisher v. Ciba Specialty Chemicals, Corp.*, 238 F.R.D. 273, 317 n. 89 (S.D. Ala. 2006) ("As a procedural matter, this argument is not properly raised because

6

complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[5] While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Facts that are

---

plaintiffs submitted it for the first time in their reply brief").
   [5]*Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007). The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for

'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1950 (2009) (citing *Twombley*, 550 U.S. at 556). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, — U.S. —, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)),

---

evaluating Plaintiff's claims.

*cert. denied*, 502 U.S. 810 (1991).

The Court has studied Plaintiffs' complaint and finds it, at best, confusing. Farkas has urged the Court to view the complaint more leniently as it was filed *pro se.* "The law is clear that '[a] document filed pro se is to be liberally construed ... and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Williams v. Quality Filters, Inc.*, 2007 WL 4219201, *2 (S.D. Ala. November 27, 2007) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, "a pro se complaint still must state a claim upon which the Court can grant relief." *Grigsby v. Thomas*, 506 F.Supp.2d 26, 28 (D. D.C. 2007). The Court also notes that Plaintiffs are now represented by counsel who has chosen not to amend the complaint.

The basis for this action, as best the Court can understand it, is that Plaintiffs want Defendants to prove that they have the legal authority to foreclose on the purchased properties before they take such action; these have been referred to as "show me the note" claims. *See, e.g.*, *Zambrano v. HSBC Bank USA, Inc.*, 2010 WL 2105164, at *6 (E.D. Va. May 25, 2010). To this end, Plaintiffs have referenced various laws which the Court will now consider.

Defendants have argued that Plaintiffs' fundamental

justification for this action is without support as Alabama is a non-judicial foreclosure state and the proof that Farkas seeks is not required (Doc. 13, pp. 10-12).  Alabama statutes set out the procedures for foreclosing on property in this State which do not require the parties to go into court; nothing therein provides for the relief Plaintiffs claim they are due.  *See* Ala. Code §§ 35-10-11 through 14.  Plaintiffs have directed this Court's attention to no law supporting their assertions of "show me the note."  On the other hand, Defendants have pointed to federal court decisions which have rejected such claims in non-judicial foreclosure states.  *See Zambrano*, 2010 WL 2105164, at *6; *Pelzel v. First Saving Bank Northwest*, 2010 WL 3814285, at *2 (W.D. Wash. September 27, 2010); *Diessner v. Mortgage Electronic Registration Systems*, 618 F.Supp.2d 1184, 1187 (D. Ariz. 2009).  Finding those opinions consistent and well-reasoned, coupled with Plaintiffs' failure to demonstrate any law which supports their assertions, the Court finds that Plaintiffs have not stated a viable claim in asserting that Defendants need to demonstrate ownership of the mortgage note before taking any action against them.

Plaintiffs have also referenced Article 3 of the Uniform Commercial Code (hereinafter *UCC*) in asserting Defendants' need to "show them the note" (Doc. 1, Complaint, § VI Cause of

Action).  Under Alabama law, the UCC is irrelevant to non-judicial foreclosure proceedings (*see* Ala. Code §§ 35-10-11 through 14).  Plaintiffs' claim is without merit.

Plaintiffs have also asserted a claim under the Fair Debt Collections Practices Act (hereinafter *FDCPA*) (Doc. 1, Complaint, § VI. Cause of Action).  Though there is no apparent authority in this Circuit, the Fifth Circuit Court of Appeals has held that mortgagees are not debt collectors subject to the FDCPA.  *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (noting that the legislative history of 15 U.S.C. § 1692a(6)[6] conclusively indicated that mortgage servicing companies were not included within the definition of *debt collector* and, therefore, an action brought under the FDCPA against such a defendant was properly dismissed).  In this action, Plaintiffs have not satisfied the FDCPA requirement of showing that Defendants are debt collectors.  Furthermore, as found in *Perry*, mortgage servicing companies are not debt collectors.  The Court finds that Plaintiffs have not demonstrated a viable claim under the FDCPA.

In summary, Plaintiffs have filed this action in order to

---

[6]"The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,

11

induce Defendants to prove that they had the legal authority to take some action against them relative to the mortgage loans. Ultimately, Plaintiffs have brought forth no cognizable claim under Fed.R.Civ.P. 12(b)(6). As such, these claims should be dismissed under *Iqbal* and *Twombley*. It is recommended that Defendant's Motion to Dismiss be granted (Doc. 13).

Therefore, after consideration of all relevant pleadings, it is recommended that Plaintiffs' Motion to Remand (Doc. 11) be denied and that this action be allowed to proceed in the federal courts. It is further recommended, however, that Defendants' Motion to Dismiss be granted (Doc. 13), that all claims in this action be dismissed, and that judgment be entered in favor of Defendants SunTrust Mortgage, Inc. and Mortgage Electronic Registration Systems, Inc. and against Plaintiffs Janos Farkas, Colony M5 Trust, Colony L8 Trust, and Colony J8 Trust on all claims.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual

---

debts owed or due or asserted to be owed or due another."

findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 15th day of December, 2010.

> s/BERT. W. MILLING, JR.
> UNITED STATES MAGISTRATE JUDGE